IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN B. YANCEY,

       Plaintiff,

                                         CIVIL ACTION
   vs.                                    No. 10-3248-RDR

JUDGE SAM A. CROW, et al.,

       Defendants.


**MEMORANDUM AND ORDER**

This matter comes before the court on a civil action captioned as "Conspiracy to Manipulate the Outcome of Cases Involving Cases against the Correctional Corporation of America Knowingly and Willfully with Malice Intent to Violate the Constitution of the Republic of America" (Doc. 1). Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**Background**

Plaintiff was incarcerated in the Leavenworth Detention Center operated by the Corrections Corporation of America (CCA) when he filed Case No. 07-3175-SAC, *Yancey v. Scrivner, et al.*

Court records show the Honorable Sam A. Crow of this court presided in that matter. Defendant CCA was represented by Joshua D. Mast, of the law firm Crow, Clothier, and Associates,

and defendant Scrivner later was represented by John A. Oliveros of the same firm.

Court records show that Case No. 07-3175 was dismissed on January 13, 2009, upon defendants' motion, due to plaintiff's failure to exhaust administrative remedies. Plaintiff's appeal was dismissed on March 31, 2009, due to plaintiff's failure to timely file the notice of appeal.

Plaintiff, who has been released from confinement, brings the present action to allege that the defendants, namely, Judge Crow, the law firm representing the facility, the chaplain, the warden, CCA, and CCA board members conspired in that matter. He seeks damages, and he states "the higher court should reevaluate the cases decided by Judge Sam A. Crow that involves the Correctional Corporation of America, Inc." (Doc. 1, p. 2.)

**Discussion**

The court must dismiss a matter in which in forma pauperis status has been granted if at any time the court determines the action is "frivolous or malicious," seeks relief "from a person immune from such relief," or "fails to state a claim for relief." 28 U.S.C. § 1915(e)(2)(B). Although plaintiff is no longer a prisoner as defined in § 1915(h), § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. *See, e.g., Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th

Cir.)(§1915(e) "governs IFP filings in addition to complaints filed by prisoners"), *cert. denied*, 548 U.S. 910 (2006). *See also Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

This matter presents a claim of conspiracy. Such a claim "requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants." *Merritt v. Hawk,* 153 F.Supp.2d 1216, 1225 (D.Colo. 2001)(citation omitted). Mere "conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient." *Merritt,* 153 F.Supp.2d at 1225 (quoting *Aniniba v. City of Aurora,* 994 F.Supp. 1293, 1298 (D.Colo. 1998)).

Here, plaintiff fails to identify any sequence of events that reasonably suggests a conspiracy by the defendants, and he offers only conclusory allegations based upon the fact that the judge and an attorney who is a member of a law firm that represented the CCA have the same surname. Plaintiff's bare allegations are not adequate to support a claim that the resolution of the motion to dismiss was the result of bias or conspiracy, and the court concludes this matter may be dismissed

for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 6th day of July, 2011.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States Senior District Judge